```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re:                                                         :
                                                               :
NYREE BELTON,                                                  :    **MEMORANDUM**
                    Debtor.                                    :    **OPINION AND ORDER**
--------------------------------------------------------------x
NYREE BELTON, Debtor and Plaintiff on                          :    15 CV 1934 (VB)
behalf of herself and all others similarly                     :
situated,                                                      :
                    Plaintiff,                                 :
                                                               :
v.                                                             :
                                                               :
GE CAPITAL CONSUMER LENDING, INC.                              :
a/k/a GE MONEY BANK,                                           :
                    Defendant.                                 :
--------------------------------------------------------------x
--------------------------------------------------------------x
In re:                                                         :
                                                               :
KIMBERLY BRUCE,                                                :
                    Debtor.                                    :
--------------------------------------------------------------x
KIMBERLY BRUCE, Debtor and Plaintiff on                        :
behalf of herself and all others similarly                     :    15 CV 3311 (VB)
situated,                                                      :
                    Plaintiff,                                 :
                                                               :
v.                                                             :
                                                               :
CITIGROUP INC., CITIBANK, N.A., and                            :
CITIBANK (SOUTH DAKOTA), N.A.,                                 :
                    Defendants.                                :
--------------------------------------------------------------x
```

Briccetti, J.:

By Memorandum Decision dated October 14, 2015, the Court reversed orders issued by the Bankruptcy Court (Drain, J.) denying motions to compel arbitration filed by defendants-appellants in two adversary proceedings commenced by plaintiffs-appellees in April 2014. In re Belton, 2015 WL 6163083 (S.D.N.Y. Oct. 14, 2015). The Court remanded the cases to the

1

Bankruptcy Court with instructions to grant the motions and stay the adversary proceedings pending arbitration.

Plaintiffs-appellees now move for an order certifying the Memorandum Decision for interlocutory appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1292(b).

For the following reasons, the motions are DENIED.

Familiarity with the prior proceedings in these cases is presumed.

Section 16 of the Federal Arbitration Act ("FAA") governs appeals from orders granting or denying motions to compel arbitration.  See 9 U.S.C. § 16.  Under Section 16(b), "an appeal may not be taken from an interlocutory order . . . granting a stay of any action under section 3 of this title [or] . . . directing arbitration to proceed under section 4 of this title," "[e]xcept as otherwise provided in section 1292(b) of title 28."  Id. § 16(b)(1)-(2).

"Under 28 U.S.C. § 1292(b), a district court can certify a question for interlocutory appeal if the issue involves a controlling question of law as to which there is substantial ground for difference of opinion and if an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Murray v. Metro. Life Ins. Co., 583 F.3d 173, 176 (2d Cir. 2009) (brackets and internal quotation marks omitted).  Interlocutory appeals are "a rare exception to the final judgment rule," and are "reserved for those cases where an intermediate appeal may avoid protracted litigation."  Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996).  Indeed, "only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (internal quotation marks omitted).  The "would-be appellant"

bears the burden of showing an interlocutory appeal is warranted.  Casey v. Long Island R.R., 406 F.3d 142, 146 (2d Cir. 2005).

  Plaintiffs-appellees have failed to meet that burden here.

  First, an appeal of the Memorandum Decision would not present a "pure question of law" that the Second Circuit "could decide quickly and cleanly without having to study the record." Hart v. Rick's Cabaret Int'l, Inc., 73 F. Supp. 3d 382, 393 (S.D.N.Y. 2014) (internal quotation marks omitted).  The key issue in these cases—whether claims under Section 524 of the Bankruptcy Code are subject to arbitration—turns on whether there is "an inherent conflict between arbitration and the [Bankruptcy Code]'s underlying purposes."  Shearson/Am. Express v. McMahon, 482 U.S. 220, 227 (1987).  Determining the existence of an "inherent conflict" "requires a particularized inquiry into the nature of the claim and the facts of the specific bankruptcy."  MBNA Am. Bank, N.A. v. Hill, 436 F.3d 104, 108 (2d Cir. 2006); accord In re Lehman Bros. Holdings, Inc., 2015 WL 5729645, at *4 (S.D.N.Y. Sept. 30, 2015) (The "decision regarding whether arbitration severely conflicts with the objectives of the Bankruptcy Code constitutes a mixed question of law and fact.") (internal quotation marks omitted).  Such an inquiry thus renders these cases inappropriate for interlocutory review.  See Bild v. Konig, 2011 WL 4007895, at *2 (E.D.N.Y. Sept. 8, 2011) ("Because the court's determination was the result of a fact-specific inquiry, it did not involve a 'controlling question of law.'"); In re Facebook, Inc., 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) ("[M]ixed questions of law and fact are not appropriate for certification under § 1292(b).") (internal quotation marks omitted).[1]

---

[1]  Although plaintiffs-appellees assert "[t]here are no factual disputes relevant to the issue presented here" (Pls.' Br. at 7), "a 'pure' question of law" is not synonymous with "an issue that might be free from a factual contest."  Ahrenholz v. Bd. of Trs. of Univ. of Illinois, 219 F.3d 674, 676-77 (7th Cir. 2000).

Moreover, an interlocutory appeal here would not "materially advance the ultimate termination of the litigation." Murray v. Metro. Life Ins. Co., 583 F.3d at 176. Proceeding to arbitration, rather than certifying an interlocutory appeal, is the fastest way for these cases to be decided on the merits. See Murray v. UBS Secs., LLC, 2014 WL 1316472, at *7 (S.D.N.Y. Apr. 1, 2014) ("[I]t is safe to assume that the appeal process will take longer than the arbitration, thereby extending the time in which a final decision on the merits is rendered."). If the Court were to certify an interlocutory appeal, and "if the Second Circuit affirms the Court's decision, or rather yet, declines to hear Plaintiff[s'] appeal, the result will be that this action will have been unnecessarily delayed by the interlocutory appeal." Id.

Although plaintiffs-appellees contend a reversal of the Memorandum Decision on interlocutory appeal would save the parties from completing an unnecessary arbitration, "the mere possibility that a reversal of the Court's order would [obviate the need for arbitration] is insufficient to meet this third element" of Section 1292(b). In re Goldman Sachs Grp., Inc., Secs. Litig., 2014 WL 5002090, at *2 (S.D.N.Y. Oct. 7, 2014). And, in any event, "[w]hile an interlocutory appellate ruling in the plaintiffs' favor potentially might eliminate the time required to obtain what might otherwise be an unenforceable arbitration award, the Court has to consider that such a ruling would not terminate this action; it would merely return the plaintiffs' claims" to the Bankruptcy Court, where they would be litigated for at least several months. Murray v. UBS Secs., LLC, 2014 WL 1316472, at *7 (quoting OwnerOperator Indep. Drivers Assoc., Inc. v. Swift Transp. Co., Inc., 2004 WL 5376210, at * 1 (D. Ariz. July 28, 2004)). It is therefore unlikely an immediate appeal would "avoid protracted litigation" in this case. Koehler v. Bank of Bermuda Ltd., 101 F.3d at 866.

Accordingly, plaintiffs-appellees' motions to certify the Court's Memorandum Decision of October 14, 2015, for interlocutory appeal are DENIED.

The Clerk is instructed to terminate the motions. (Doc. #25 in In re Belton, 15 CV 1934; and Doc. #18 in In re Bruce, 15 CV 3311).

Dated: January 12, 2016
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge