UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re: :
 :
NYREE BELTON, : **OPINION AND ORDER**
        Debtor. :
--------------------------------------------------------------x
NYREE BELTON, Debtor and Plaintiff on :
behalf of herself and all others similarly :
situated, : 15 CV 1934 (VB)
        Plaintiff, :
 :
v. :
 :
GE CAPITAL CONSUMER LENDING, INC. :
a/k/a GE MONEY BANK, :
        Defendant. :
--------------------------------------------------------------x
In re: :
 :
KIMBERLY BRUCE, :
        Debtor. :
--------------------------------------------------------------x
KIMBERLY BRUCE, Debtor and Plaintiff on :
behalf of herself and all others similarly :
situated, :
        Plaintiff, : 15 CV 3311 (VB)
 :
v. :
 :
CITIGROUP INC., CITIBANK, N.A., and :
CITIBANK (SOUTH DAKOTA), N.A., :
        Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiffs-appellees Nyree Belton and Kimberly Bruce move under Fed. R. Civ. P. 59(e) and 60(b) and Southern District of New York Local Civil Rule 6.3 for reconsideration of this Court's October 14, 2015, Memorandum Decision reversing the order of the United States Bankruptcy Court for the Southern District of New York (Drain, J.) denying defendants-

1

appellants GE Capital Retail Bank ("GE"), Citigroup Inc., and Citibank, N.A., successor-in-interest to Citibank (South Dakota), N.A.'s (together, "Citi") motions to compel arbitration under the Federal Arbitration Act ("FAA"). (In re Belton, 15 Civ. 1934 (Doc. #37) (S.D.N.Y.); In re Bruce, 15 Civ. 3311 (Doc. #30) (S.D.N.Y.)).

For the following reasons, plaintiffs-appellees' motions are GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a).

## BACKGROUND

The Court assumes familiarity with the underlying factual background and summarizes only the relevant procedural history.

On November 10, 2014, the Bankruptcy Court issued an order denying GE's motion to compel arbitration in In re Belton, Adv. Proc. No. 14-8223 (Bankr. S.D.N.Y.), for reasons set forth in a "Corrected and Modified Bench Ruling" issued the same day. See In re Belton, 2014 WL 5819586 (Bankr. S.D.N.Y. Nov. 10, 2014). Two days later, the Bankruptcy Court denied Citi's motion to compel arbitration in In re Bruce, Adv. Proc. No. 14-8224, substantially for the reasons stated in its Corrected and Modified Bench Ruling in In re Belton. GE and Citi appealed the Bankruptcy Court's decisions to this Court.

On October 14, 2015, this Court issued a Memorandum Decision (the "October 14 Decision") reversing the Bankruptcy Court's orders in In re Belton and In re Bruce and remanding the cases to the Bankruptcy Court with instructions to grant the respective motions to compel and stay the adversary proceedings pending arbitration, and for further proceedings consistent with the Memorandum Decision. In re Belton, 2015 WL 6163083, at *10 (S.D.N.Y. Oct. 14, 2015) (Briccetti, J.). This Court subsequently denied plaintiffs-appellees' motions to

certify the October 14 Decision for interlocutory appeal.  In re Belton, 2016 WL 164620, at *2 (S.D.N.Y. Jan. 12, 2016).

On March 17, 2016, plaintiffs-appellees filed in the Court of Appeals for the Second Circuit petitions for writs of mandamus to vacate the October 14 Decision.

Separately, on May 14, 2015, the Bankruptcy Court issued an order denying a motion to compel arbitration in Anderson v. Credit One Bank, N.A., Adv. Proc. No. 15-8214 (Bankr. S.D.N.Y.).  On June 14, 2016, the Honorable Nelson S. Román affirmed the Bankruptcy Court's order.  In re Anderson, 553 B.R. 221 (S.D.N.Y. 2016), aff'd, 884 F.3d 382 (2d Cir. 2018), cert. denied sub nom. Credit One Bank, N.A. v. Anderson, 139 S. Ct. 144 (Mem) (Oct. 1, 2018).

In light of Judge Román's decision in In re Anderson, on August 16, 2016, plaintiffs-appellees filed "renewed" motions to certify this Court's October 14 Decision for interlocutory appeal.  (In re Belton, 15 Civ. 1934 (Doc. #32); In re Bruce, 15 Civ. 3311 (Doc. #25)).  This Court denied the motions.

Subsequently, on December 15, 2016, the Second Circuit stayed plaintiffs-appellees' petitions for writs of mandamus in In re Bruce and In re Belton "pending a ruling in In re Anderson."  Motion Order, In re Bruce, No. 16-830 (Dkt. 69) (2d Cir. Dec. 15, 2016); Motion Order, In re Belton, No. 16-833 (Dkt. 68) (2d Cir. Dec. 15, 2016).

On March 7, 2018, the Second Circuit affirmed Judge Román's decision in In re Anderson.  The Circuit then issued orders in In re Bruce and In re Belton denying plaintiffs-appellees' mandamus petitions, because in each case, "Petitioner can seek the requested relief by moving in the district court for reconsideration of its order in light of this Court's decision in In

3

re Anderson." Order, In re Bruce, No. 16-830 (Dkt. 96) (2d Cir. June 26, 2018); Order, In re Belton, No. 16-833 (Dkt. 96) (2d Cir. June 26, 2018).

Thereafter, plaintiffs-appellees filed the instant motions for reconsideration.

**DISCUSSION**

I.     Legal Standard

Plaintiffs-appellees bring the present motions for reconsideration under Fed. R. Civ. P. 59(e) and 60(b) and SDNY Local Civil Rule 6.3. GE argues those rules do not apply because the Court already remanded the instant cases to the Bankruptcy Court, and because Fed. R. Civ. P. 59(e) and 60(b) apply only to appealable orders. Moreover, GE argues Fed. R. Bankr. P. 8022, which governs motions for rehearing filed in bankruptcy appeals before the district court, does not apply because the Court already remanded the cases, and because Fed. R. Bankr. P. 8022(b) requires motions for rehearing to be filed within fourteen days of entry of judgment on appeal.

The Court need not decide the precise legal basis for entertaining the instant motions for reconsideration. GE acknowledges the Court has the authority to reconsider its own decision. Moreover, an intervening change of controlling law is a near-universally valid basis for bringing a motion for reconsideration. See, e.g., Kroemer v. Tantillo, 2018 WL 6619850, at *3 (2d Cir. Dec. 17, 2018) (summary order) (motion to alter or amend judgment under Fed. R. Civ. P. 59(e)); Ayazi v. United Fed'n of Teachers Local 2, 487 F. App'x 680, 681 (2d Cir. 2012) (summary order) (Fed. R. Civ. P. 60(b)); Sargent v. Columbia Forest Prods., Inc., 75 F.3d 86, 90 (2d Cir. 1996) (recalling mandate); Raymond v. Mid-Bronx Haulage Corp., 2017 WL 9882601,

4

at *1 (S.D.N.Y. June 10, 2017) (Fed. R. Civ. P. 54(b)); In re Parade Place, LLC, 508 B.R. 863, 869 (Bankr. S.D.N.Y. May 2, 2014) (S.D.N.Y. Local Bankr. R. 9023–1(a)).[1]

Generally, such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see SDNY Local Civil Rule 6.3. The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995) (citing Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (internal quotation omitted). Mere disagreement with the Court's decision is not a basis for reconsideration. Pro Bono Invs., Inc. v. Gerry, 2008 WL 2354366, at *1 (S.D.N.Y. June 9, 2008) (collecting cases).

II. Application

Plaintiffs-appellees argue the Court should grant reconsideration of the October 14 Decision because the Second Circuit's opinion in In re Anderson, represents an intervening change of controlling law.

---

[1] GE argues the Court should apply the legal standard set forth in Sargent v. Columbia Forest Products, Inc., in which the Second Circuit articulated a four-factor test for determining whether to recall a prior-issued mandate. 75 F.3d at 90. For substantially the reasons set forth below, reconsideration is warranted under the Sargent standard as well.

5

The Court agrees.

The October 14 Decision and In re Anderson dealt with the same issue. In both cases, the plaintiffs brought claims under 11 U.S.C. § 524(a)(2) alleging defendants violated the Bankruptcy Code's discharge injunction by deliberately failing to inform credit reporting agencies about the discharge of debts in bankruptcy to coerce former debtors into paying discharged debts. In re Anderson, 884 F.3d at 387; In re Belton, 2015 WL 6163083, at *2. In both cases, the defendants moved to compel arbitration. In re Anderson, 884 F.3d at 387; In re Belton, 2015 WL 6163083, at *2. And in both cases, the plaintiffs contested arbitrability by arguing there was an inherent conflict between arbitration of the Section 524 claims and the Bankruptcy Code. In re Anderson, 884 F.3d at 389; In re Belton, 2015 WL 6163083, at *6–7.

This Court and the Second Circuit reached opposite conclusions. In the October 14 Decision, this Court held Congress did not intend to preclude arbitration of claims under 11 U.S.C. § 524(a)(2) for violations of a discharge injunction. In re Belton, 2015 WL 6163083, at *9. In so doing, the Court held, among other things, there was no inherent conflict between the FAA and Section 524 because "arbitrating plaintiffs-appellees' Section 524 claims would neither necessarily nor seriously jeopardize the objectives of that section or of the Bankruptcy Code in general." Id. at *7. On the other hand, in In re Anderson, the Second Circuit held "arbitration of a claim based on an alleged violation of Section 524(a)(2) would 'seriously jeopardize a particular core bankruptcy proceeding'" and thus create an inherent conflict with the Bankruptcy Code. In re Anderson, 884 F.3d at 389–90 (quoting In re U.S. Lines, Inc., 197 F.3d 631, 641 (2d Cir. 1999)).

Moreover, the Second Circuit's orders clearly indicate the Circuit considers In re Anderson to affect the disposition of this case. The Circuit stayed plaintiffs-appellees' petitions

6

for writs of mandamus "pending a ruling in In re Anderson," Motion Order, In re Bruce, No. 16-830 (Dkt. 69) (2d Cir. Dec. 15, 2016); Motion Order, In re Belton, No. 16-833 (Dkt. 68) (2d Cir. Dec. 15, 2016), and ultimately denied the petitions specifically because plaintiffs-appellees could seek reconsideration of the October 14 Decision "in light of" In re Anderson. See Order, In re Bruce, No. 16-830 (Dkt. 96) (2d Cir. June 26, 2018); Order, In re Belton, No. 16-833 (Dkt. 96) (2d Cir. June 26, 2018). Therefore, In re Anderson represents an intervening change of controlling law.

Defendants-appellants argue In re Anderson does not represent an intervening change of controlling law because the Second Circuit declined to address the Bankruptcy Code's text and legislative history, whereas this Court found the Bankruptcy Code's text and legislative history weighed against the conclusion that Congress intended to preclude arbitration of Section 524 claims. However, as this Court held in its October 14 Decision, "the Court may look to the Bankruptcy Code's text, its legislative history, 'or [to] an inherent conflict between arbitration and the [Code]'s underlying purposes'" to decide whether Congress intended to preclude arbitration of Section 524 claims. In re Belton, 2015 WL 6163083, at *5 (quoting Shearson/Am. Exp., Inc. v. McMahon, 482 U.S. 220, 227 (1987) (emphasis added)) (alterations in original); see also In re Anderson, 884 F.3d at 388 ("Congressional intent may be discerned through the 'text or legislative history, or from an inherent conflict between arbitration and the statute's underlying purposes.'" (quoting Shearson/Am. Exp., Inc. v. McMahon, 482 U.S. at 227)). Thus, the fact that the Second Circuit declined to address the Bankruptcy Code's text and legislative history does not detract from In re Anderson's precedential value in this case.

Defendants-appellants also argue In re Anderson is inconsistent with the Supreme Court's decision in Epic Systems Corp. v. Lewis, 138 S. Ct. 1612 (2018). In that case, the

7

Supreme Court held Section 7 of the National Labor Relations Act ("NLRA"), which guarantees workers "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection," did not displace the FAA and outlaw arbitration agreements requiring individualized arbitration. Id. at 1619, 1624 (quoting 29 U.S.C. § 157).

Defendants-appellants argue both that (i) the Supreme Court conducted a text-first analysis in Epic Systems Corp. v. Lewis that contradicts the Second Circuit's inherent conflict approach in In re Anderson, and (ii) the inherent conflict approach is no longer viable post- Epic Systems Corp. v. Lewis—essentially the same argument this Court rejected in the October 14 Decision, when defendants-appellants argued the inherent conflict approach was no longer viable post-CompuCredit Corp. v. Greenwood, 132 S. Ct. 665 (2012). See In re Belton, 2015 WL 6163083, at *5.

Neither argument is persuasive. "[T]he Second Circuit has spoken directly to the issue presented by this case, and this Court is required to follow that decision 'unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit.'" United States v. Diaz, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015), aff'd, 854 F.3d 197 (2d Cir. 2017). The Supreme Court did not "so undermine[]" the inherent conflict test such that In re Anderson will almost inevitably be overruled by the Second Circuit. Id. Indeed, that the Circuit has continued to apply the inherent conflict test even after the Supreme Court bypassed it in multiple cases suggests the Circuit is not inclined to abandon the inherent conflict test until the Supreme Court more explicitly abrogates it.

8

Finally, defendants-appellants argue the Court should refuse to grant reconsideration of the October 14 Decision because plaintiffs-appellees were dilatory in failing to pursue arbitration in the three years since the decision. The Court disagrees. Plaintiffs-appellees were not dilatory. On December 15, 2016, the Second Circuit issued orders staying plaintiffs-appellees petitions for writs of mandamus "pending a ruling in In re Anderson." Motion Order, In re Bruce, No. 16-830 (Dkt. 69) (2d Cir. Dec. 15, 2016); Motion Order, In re Belton, No. 16-833 (Dkt. 68) (2d Cir. Dec. 15, 2016). Plaintiffs-appellees were well within their rights to wait for the Second Circuit's decision on their requests for writs of mandamus before commencing arbitration.

## CONCLUSION

The motions for reconsideration are GRANTED.

This Court's October 14, 2015, Memorandum Decision, and the order to remand contained therein, are VACATED.

The Bankruptcy Court's orders denying defendants-appellants' motions to compel arbitration are AFFIRMED. The Bankruptcy Court is directed to conduct further proceedings consistent with this Opinion and Order.

The Clerk is instructed to terminate the motions. (In re Belton, 15 Civ. 1934 (Doc. #37); In re Bruce, 15 Civ. 3311 (Doc. #30)).

Dated: March 4, 2019
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge